This action was brought under § 3581 of the General Statutes, which enacts that "when any injury is done to a building or other property of any person, by fire communicated by a locomotive engine of any railroad company, without contributory negligence on the part of the person entitled to the care and possession of the property injured, the said railroad company shall be held responsible in damages to the extent of such injury to the person so injured; and every railroad company shall have an insurable interest in the property for which it may be held so responsible in damages along its route, and may procure insurance thereon in its own behalf."
The plaintiff set out in his complaint all those facts which entitled him to recover under this section, the value of two ice-houses with their contents and of certain hoisting apparatus connected therewith, which he alleged have been destroyed by a fire communicated by a locomotive engine of the defendant. He particularly alleged that he (the plaintiff) *Page 27 
"used reasonable care in managing and controlling his said property, and was not so negligent in such care and management as that such fire was communicated through or in consequence of such negligence." This allegation was recited at length by the defendant in the notice of the averments in the complaint which it intended to deny. The court in its finding, after mentioning the evidence and the subordinate facts, says: "I find the fire which was communicated to the plaintiff's buildings was caused by the plaintiff's negligence."
None of the reasons of appeal mention any ruling in regard to the admission or rejection of testimony. They assign errors in the conclusion to which the court came upon the testimony. These are, however, conclusions of fact with which this court cannot interfere. The plaintiff does not pursue any of these assignments in his argument in this court. In his brief here he states his ground of appeal as follows: "The only question to be considered at this time is that of contributory negligence, imputed to the plaintiff;" and then states the part of the finding where this question is involved. The claim on this part of the case being that the court required a higher degree of care of the plaintiff than the above quoted statute requires, and that therefore there is error.
We suppose the term "contributory negligence" in that statute is used in its ordinary meaning. In the absence of anything to indicate that a different meaning was designed, the ordinary meaning must be regarded as the one intended by the legislature. What contributory negligence is, is very clearly stated in the books. The general definition of what constitutes contributory negligence is this: It is the doing, or the omitting to do, that which under the circumstances a reasonable man would not have done, or would not have omitted to do, to avoid any injury resulting to himself from the negligence of the defendant. Cooley on Torts, at p. 674, speaking of contributory negligence, says: "If the plaintiff or party injured, by the exercise of ordinary care under the circumstances, might have avoided the consequences of the defendant's negligence, but did not, the case is one of mutual fault, and the law will neither cast all the consequences upon *Page 28 
the defendant, nor will it attempt any apportionment thereof." 7 Amer. Eng. Ency. of Law (2d ed.), 371.
But in this case there is no very great need of discussing what meaning the legislature intended. The plaintiff has put his own construction on these words in his complaint. He says he used reasonable care in managing and controlling his said property, and that he was not so negligent in such care and management as that such fire was communicated through or in consequence of such negligence. That is to say, that he did nothing, nor did he omit the doing of anything, the doing or the omission of which contributed to the injury of which he complained; in other words, that he was "without contributory negligence." This part of the plaintiff's complaint was directly denied. The court has found against him, and that the fire which consumed his property was caused by his own negligence.
As the statute on which the plaintiff brings his action makes the absence of contributory negligence on his part a condition precedent to his right to recover, and as that condition precedent is not in this case fulfilled, the plaintiff has shown no right to recover substantial damages.
 There is no error.
In this opinion BALDWIN and HALL, Js., concurred.